Good morning, Your Honor. Frank Wells, appearing before the Petitioner. This case essentially involves the battle of the documents. Discussion of whether or not the immigration service in this report judge was correct in finding that he's an aggravated felon. The consequences are, frankly, carthaginian. He will be forever barred from becoming a citizen. So the stakes are fairly high. Let me ask you something, because I noticed something last night that I don't think was mentioned. The abstract of judgment says that he was convicted of 1, 2, and 4. And then it says count for allegation 12073.073B1 admitted. That is possession with intent to distribute, is that right? Well, no. I would freely – that's probably my hardest hurdle. Yes, it is. And I'm happy to hurl it right now. That is a probation restriction statute. It says if there's a certain weight involved, the court has no discretion to grant probation. But the statute actually says sell or did sell. Right. Or offered to sell. Offered to sell. And offered to sell. Not or. And offered to sell. However, Your Honor, that is referencing 11352, which is definitionally a divisible statute. And under this Court's modified categorical – What about 1203.073? Yes. That's what I'm addressing. It simply – Well, that doesn't say that. It says possessing for a sale by selling. It doesn't have an offer in it. Right. But it references 11352. I don't believe that the statute is that nuanced. Under our modified categorical analysis, 11352 can be convicted under either an aid or an abettor theory or solicitation. It can. But 1203.073 cannot. Under California law, if you are convicted as an aid or an abettor, you're considered a principal, so the 1203 would apply to someone who clearly committed solicitation or aid or an abettor theory, which this Court has clearly said is not categorically an aggravated felon. So I don't think that forecloses my argument. Under California law, you can be convicted of 11352 under an aid or an abettor theory or a solicitation theory and still have the probation restriction apply. We are in a different context. That's where I think it's not fatal to my argument. In other words, you're relying on Corona-Sanchez and Pennular and all that, which is now in the Supreme Court. And that issue, that precise issue is in the Supreme Court. None of this is in the briefs, of course, so that's another problem. But that issue is, that exact issue, the aid or abettor issue, is currently in the Supreme Court. But the abstract says, did sell 57 grams or more of a substance denoted cocaine. It doesn't say anything about aid or bailing. It said, did sell 57 grams. But, again, we have to look at the abstract of judgment in the context of Natividad Marcos, where the Court, this Court clearly said the abstract of judgment is a clerical, not a judicial act. It cannot support a finding of aggravated felony. Well, it's an official act, whether it's a clerical under the jurisdiction of the Court, but it's a, it's part of the modified categorical approach. Well, I would have to respectfully disagree. I don't think Natividad Marcos says that. It says, if all you have is a judicial counsel form, you don't have enough. The judicial counsel form is simply not a judicial act. Well, I don't think that's the reason. It's because, if it were clear, it would be one thing. But this one is clearly just reciting what the statute is, which is sell or abet or offer to sell. I also think that, that California law is, but I'm not sure about this, that, that where the allegation is sell and it can be proved either as, either one can be proved. If it is to fledge in the conjunctive, it can be proved in the disjunctive. Is that right? Well, two things. The problem with 11352 is it's wildly disjunctive. It criminalizes about 12 different cases. But as Judge Cameron points out, the information is not. It says and. And the question is, does that matter? Absolutely. And that's where I think the complaint, I mean, where the district judge got it wrong is he sees the complaint as a model of specificity and exactitude, and it's not. Well, it's much more specific, is it not, than Navidad Marcos? The complaint. The complaint. I mean, it begs the question, if this, I believe it's Scrivner's shorthand, if the district attorney was trying to precisely define the conduct, why in the world didn't they just charge him 11351? It uses the precise language of possession for sale. Well, let me say, this was a naturalization proceeding. And your client had the obligation to prove good moral character. So isn't the burden upon him, if there's some ambiguity here, you know, the government puts up what would appear to be some serious charges concerning his character. For him to clear this up and show that, no, this was only a solicitation, this was not a sale or whatever. So where does that leave us as we analyze this? A totally legitimate point, Your Honor, in terms of the burden of proof. Our position is he, the burden shifts once we make the argument that the traditional conviction documents are not appropriate. I mean, the government isn't completely neutral here. And in all of these aggravated felony findings, the burden shifts for the government to then produce admissible conviction documents. We went before the Immigration Service and we said you have a complaint, you have a judicial conviction document. It's not sufficient under the Ninth Circuit law. We believe we've met our finding. The burden at that point shifts for the government to produce something. So I recognize there's no question this is not like in a removal proceeding where clearly the burden is on the government. He had the burden is on Petitioner to produce good moral character. But once he produces all the traditional conviction documents, I believe the burden shifts for the government to do something. And, you know, I mean, obviously a plea allocation might have. I'm sorry. To go back to 1203.73, your only argument on that is this either-or-better argument. Did you ever present that argument? Did anybody ever? In solicitation? Well, no. I mean, I certainly quoted all of the abundant Ninth Circuit modified categorical statute law in which where this is all it is, is a probation restriction statute. And it references a divisible statute. It brings us back to admissible conviction documents. But divisible for what reason? The possession, this statute, 1203.073, refers only to possessing for sale. It does. It says section for violating 11351 by possessing for sale or 11352 by selling. So that's not in any way unclear. And the only argument you then have is this aiding and abetting argument, which hasn't appeared before this very minute. Well, no. I'm sorry. It also, I mean, the modified categorical also includes solicitation. I mean, that's the reason. But this does not. This statute does not. No, but under California law, solicitation would you – if you solicited 11352, that probation restriction statute would apply to you. Why make you say that? Because under California law, solicitation, you're considered a principal. So I don't think, again, we're going back to model of exactitude and specificity. I don't think that that probation restriction statute is really trying to distinguish somebody who sells versus somebody who transports, administers. It doesn't say who is convicted of violating section 11351. It says who is convicted of violating it by possessing for sale. It's obviously only referring to a subcategory of people under those two statutes, not to everybody. Referencing the prior argument, that's not a substatute. That's simply a disjunctive statute. They're not like – I mean, the part of 11352 that discusses trafficking is not a subsection. It's just part of a long disjunctive statute. Exactly. But this section, 1203.073, is not referring to everybody covered by 11351. It's referring to some subcategory of them. Well, my position is that since the crime can be committed under California law through both a solicitation or an intermediate, which I understand. Which crime?  Which crime? 11352. That's the only statute. What about this statute, this probation restriction, which only refers to some subset of people? Right. Here's the problem, that I don't – There's some reason why they got this admission. It deals with the amount of the – But it doesn't only deal with the amount. It doesn't only deal with the amount, because if it did, there was no reason for the by possessing for sale and by selling language. I guess this is angels dancing on the head of a pin. The point is, I don't believe this – there being all that precise here, because if you solicited the sale under 11352, you would be guilty as a principal. The probation restriction would apply, but by referencing that to Ninth Circuit case law, you would not. And that's my opinion. If you have any cases demonstrating that, you should submit them, because it doesn't appear at all from the face of things that that's the case. If we were inclined, I'm not saying we would be, and we were troubled by the point, would it be inappropriate for us to remand for a clarification of the record in the district court to have some sort of evidentiary hearing as to exactly what the – what was the offense? Well, initially, I'd like you to do just that. One thing under remand that could be done would be – I think there's an issue as to whether or not – who had the burden of perhaps producing one document that would clearly resolve this issue, which would be the plea transcript. I mean, I don't have it. I don't know what it says. It could be fatal to my claim. But that would clearly – I mean, I would concede if the plea transcript clearly delineates possession for sale, trafficking, I'm – my argument collapses. The question is, whose burden is it? Should I have done it? Did the government have a duty to do it? I don't know. But one way to resolve this matter is send it back, get the plea transcript, and the matter would be definitively resolved. Thank you very much, Your Honor. Thank you. Good morning, Your Honors. May it please the Court. Sarah Winslow for the Attorney General. I'd like to start by addressing the burden of proof. And the burden of proof here is clearly on al-Husseini. All of the cases cited in the briefs and all of the cases that I'm aware of in this context arise either in a sentencing enhancement context or a removal context, where it's the government's burden to prove that the prior conviction was an aggravated felony. In contrast here, we have a case where the alien is looking for a benefit from the government, looking for naturalization. And the burden of proof under the law is clearly on the alien to show that he has good moral character. So to the extent that there is any ambiguity with respect to the prior conviction, it was his burden to come forward with something to show that the prior conviction was not an aggravated felony. All right. Assuming that that's true, can you cite any authority in which the charging document combined with the abstract of judgment was found sufficient under the modified categorical approach? Your Honor, there's no case that I know of with that precise combination. But I don't think that that's controlling here. I think that the point is that this Court's case law analyzes the documents that are available and says, based on these documents, can we tell if the charge was specific enough, the charge that the conviction was specific enough to establish that it was an aggravated felony? Except for this additional statute that was admitted to, and let's leave that aside for the minute, I don't see any way that that could be so based on these documents, because the information cites in the conjunctive, and you can confirm this again, my understanding is that doesn't matter because the conjunctive can be proven in the alternative. And then the abstract of judgment simply recites the statute. And, Your Honor, I unfortunately cannot address whether under California law the conjunctive can be proven in the alternative. I know that's true under Federal law, and I believe it to be true under California law. The district court did not look to the additional statute, the 1203.73. The district court based its finding on the charging document itself. That seems plainly wrong to me. So the question is whether the additional fills in anything. And under the modified categorical approach, don't we usually require unequivocal evidence that the conviction was an aggravated felony? In cases where the government has the burden of proof, all of the cases are talking about either a sentencing case. Well, if we don't go with you on that position, his position is that he has the burden, he meant it was your burden to go forward or something like that. If we buy that argument, can we say that there's unequivocal evidence that he was convicted of an aggravated felony here? Well, yes. But first let me say that you should not buy that argument because it's clearly wrong. This is a naturalization case where the alien is looking for a benefit from the government, and the law clearly says that the burden is on him. Here the documents on their face show that there was a conviction for an aggravated felony, and to the extent that there was any ambiguity, it was his burden to show otherwise. And the government agrees with the district court that because the charging document said sell and offered to sell that he was convicted of a sale, but if this court disagrees with that, it can look to the additional allegation that Al-Husseini pled to, which is in Section 1203.73, which clearly says that any person who is convicted of violating Section 11352 by selling a certain amount. No, by possessing for sale. Excuse me, Your Honor? By possessing for sale. No, Your Honor. It's possessing for sale for Section 11351, but for 11352, that's the section that he was convicted of. It's just for selling. So that statute is completely unambiguous. If he admitted to those allegations, he admitted to selling a certain quantity of cocaine, and there's no question that selling cocaine is a felony under the Federal Code. But that wasn't the government's theory, and it wasn't, as you say. Then maybe we just need to remand on that because there are these complications as to what would, whether, for example, solicitation or offering or abating and abetting, what under California law meet that section. I don't know the answer to that. You probably don't either. Well, Your Honor, I would disagree with the notion that remand is appropriate here. I think on their face, the statutes and the documents, the record of conviction that's in the record show. But now you're backing off to the other point. But if we went to this point, it seems to me we would probably remand to the probation section. In other words, if we didn't think that the indictment, that the information and the convictions with that regard to this probation admission were sufficient, which is what the district court found and which you're arguing principally, then if we wanted to go to this other section, we would probably remand is what I'm saying. With respect to the AIDER and abetter theory? Well, with respect to what is covered by this probation section, 1203.073. Because that wasn't adjudicated below, as I understand it. Well, the district court did not rely on that at all. And you didn't, and you're still not. That hasn't been argued in any great substance in the briefs. But just looking at the statute, the statute is not ambiguous. The statute talks about selling a certain quantity of cocaine. So I don't know that remand would be appropriate there. I would point out I do have to admit that there is ambiguity with respect to which count of the information al-Husseini admitted to this additional probation violation. No, it says count four. It says quite specifically count four. It does say count four in the abstract. If you look at the information, it's actually listed under count three, and then there's some handwritten notations moving it to count four, and we can't explain that. Well, it says admitted count four, but it also says it's count one, two. The abstract here says date of conviction, June 1991. Those two counts as well. Correct, yes. So it certainly does appear that from the abstract of judgment that he did admit to the allegation that 1203.73 applies. It's just that there's some ambiguity, at least in my mind, as to which count it fell under. I don't think that that's controlling, but I just did want to point that out if the court is inclined to remand. But, again, our position is that remand would not be appropriate here. The burden was clearly on al-Husseini. He did not meet his burden. There's no reason to give him another chance to meet his burden. The government came forward with documents that on their face showed an aggravated felony, and he has not shown it. Let me just be clear. Is your argument that on its face it showed an aggravated felony because the information said and or because the abstract of judgment said sell, author? It's because the information said and, although if the court disagrees with that, there's still the 1203.73b1, which makes it clear that he admitted to selling cocaine. I don't think that the sell, comma, offer to sell on the abstract of judgment is as persuasive as the and in the information. The comma could be anything. So if it turned out that California law is what I expect it to be, i.e., the and is not really pertinent to anything because it can be proven either way, then that's not very informative. Then I think the court would have to look to 1203.73, which the district court did not do. But just looking at the statute on its face, there's really no ambiguity there. It's an initial. I want to talk about this issue that's pending in the Supreme Court now about aiding and abetting and so on. As I understand it, our case law says that under California law, aiding and abetting is implicit and makes somebody a principal and doesn't have to be separately alleged and therefore is implicit in basically any charge unless negated. And that's really what the Supreme Court has before it now. I'm not really able to address that in any detail. It certainly has not been raised before today in this case. If what is before the Supreme Court could affect the application of 1203.73 in this context, then perhaps this court might want to hold its decision for the Supreme Court case. But I just can't address that. Your strongest argument, though, is under count four, he pled guilty to selling and offering to sell a controlled substance. Is that it? Well, our argument is that he pled guilty of three counts of selling and offering to sell. And if it turns out that the and is meaningless under California law, then our backup argument would be that 1203.73 clearly states that he sold a certain quantity of cocaine. There's absolutely no ambiguity there. And he came forward with no evidence before the agency or the district court to show that somehow despite the fact that he admitted to that, he didn't he was not convicted of selling cocaine. Thank you very much for your argument. I'll give you nothing, a minute or so. Just a minute, yes. In terms of the burden of proof, just so you know, we submitted the complaint, the document. We made the argument. The immigration service did nothing with that fact. So, I mean, we came forward. So you made the argument that this was what he was convicted of and it was not and it did not establish bad mark. I represented an immigration case and I knew all about it. And finally, this is two examples of Scrivener's shorthand. This Court has clearly said the abstract of judgment, sell, offer to sell. There's this much room in the abstract of judgment. So it can't specifically define the conduct. And number two, the complaint clearly was drafted sloppily. It is not done to define the conduct. It was shorthand. Well, there's also the question of whether pleading guilty to an information means you're pleading guilty to everything in the information. That's why usually there's something else, like a plea. And that's why this Court has said the charging documents standing alone are never sufficient. Right. Thank you very much. Thank you very much.
judges: D.W. Nelson, Cowen Berzon